As a matter of first impression, LGH found that there is no mens rea requirement associated with the definition of aggravated felony under this particular prong, the illicit trafficking clause, citing a 1922 and a 1910 Supreme Court decision dealing with the issue. The board suggested its ruling would only apply where state laws provided an affirmative defense to show lack of knowledge. But the government made this exact same argument to this court in Cerementos under the exact same facts. And the court pointed out that affirmative defense is not an element. The defense is just not an element so that it doesn't help qualifying the crime as an aggravated felony. What do you do with the argument that 564-401 requires knowledge of the illicit nature of the substance? It doesn't, Judge. Well, excuse me, it requires some knowledge, but it can be performed recklessly, not knowingly. Okay. The government's new position in its 28J letter is that it does have a mens rea requirement. I understand. So can you address that straight on? I understand you argue that it's waived and they shouldn't be allowed to make that argument, but can you address that argument straight on? Absolutely. Absolutely, Judge. That argument came up in removal proceedings two and a half years ago. And there is a jury instruction, a note to the jury instructions in the Arkansas Model Jury Code that specifically speaks to this problem. This was the same as in Ceremento. What happened is the legislature took away the knowledge requirement and Knowledge of what? Knowledge of the substance that you intend to deliver or is it knowledge that the substance is illicit? Knowledge of the former judge, knowledge of the what control substance is. No knowledge of control substance is what we're getting. It's not the type of amount. It's just that you have no knowledge. It's even a controlled substance. Exactly. That's the Federal law. It's baked right into the statute and it's in the pattern instructions. Well. But when we get to Arkansas law, and this is that it's the same question Judge Elrod is asking. I understand. The arguments by both of you in your principal briefs were just in footnotes. And I don't think you filed a reply brief, and that may be because this is the direction the IJ went on, but not the BIA. But I just don't see anything conclusive that shows that knowledge of controlled substance isn't essential under Arkansas law for a possession with intent to distribute. And I know the jury instructions don't contain it, but my question for you is can you point to any case where an individual was convicted under a recklessness or strict liability theory of possession with intent to distribute? I guess the best I can do is point to a note in the Arkansas jury instruction that addresses this flat out, straight out, unequivocally, says that when. I don't fully agree with that. I've read that note carefully. It talks about the history of what happened with constructive possession cases where it's obvious you need knowledge. If the drugs are in the closet, that's going to be clear. But I'm wondering whether or not you have any case reported anywhere in Arkansas that an individual could be charged with possession with intent to deliver and yet be guilty without proof of knowledge that he knew it was controlled. Is there such a case? Judge, that jury instruction note talks about certain cases from the Supreme Court that I'm not prepared to talk to you about today. But what it distilled out of those cases is that there's no knowledge in the words of the statute, but there's a separate statute in Florida that says if there's no knowledge requirement, we are going to give it a knowledge requirement. It's got to have a knowledge requirement. And this is statutory, Judge. So that the crime can be committed knowingly, intentionally, or recklessly. And even in his letter, he notes that the crime can be committed recklessly. This is, as far as we're arguing, reckless. Reckless, Judge. Correct me if I'm wrong. Isn't it your burden to show that you're eligible from relief? And therefore, wouldn't you still have to point to a reasonable probability as opposed to a theoretical possibility? You're talking about the First of Seremento, whether I talk about how the law's got to – you can't go crazy and say it's going to be a law. Yes, that's it. And I'm – but I'm – implicitly, what I'm doing is accepting your critique of LGH. But I'm wondering, was the IJ wrong at the inception? No, I understand your question, Judge. And again, when – it's statute – I think it's statutory. It ends with the statute. And you got to look at the statutes. You can't go looking at what the client did. Well, you do look on the modified – I think I may disagree with your analysis in the of 10-pound possession, that subsection. Well, so we know he's convicted of a possession with intent to distribute. With intent to distribute – to deliver – to deliver is the – But it's hard for me to ever understand how someone could have possessed with intent, the scienter intent to distribute, and yet not have knowledge that it's a controlled substance. Well, I think the best example is one that I plan to get to a little later in my argument. And when I talk about Mathis – and Mathis – I don't know if you've read it, but Mathis has a – has a footnote that talks about an immigration situation. And the crime involved is – well, I don't know if I'm not begging your question, Judge. You're not sure? Go ahead. No, I want to go – Go ahead. You go with what you want. No, I want to go back and talk about that law that says if there's no knowledge requirement, here's the knowledge requirement. So here's the knowledge requirement of this crime in Arkansas. My client's crime, it is knowingly, intentionally, or recklessly. And we believe recklessly – you ask for a sample case, I'll give you the hypothetical. Recklessly, he's a trucker. He's hired to carry a load. He doesn't know what's in that load. It gets stopped, he gets busted. That simple. You would think there would be a possession with intent to deliver case anywhere in Arkansas. Judge, we could certainly provide them to you. Because again, looking at that jury instruction, it's right on point to this. The jury instruction – Right on point to this. The jury instructions are not clear. And they say – they've read the Supreme Court of – I will give you this, Judge. They do say that it's not absolutely clear. But I think under the statutory framework we're using here, if it's not absolutely clear, well, it doesn't qualify under the categorical approach.  Yes, ma'am. Assuming that we can't say that Arkansas does have a mens rea requirement that we've talked about already, why shouldn't we de novo have the same interpretation that the fact that illicit trafficking has to cover something other than drug trafficking, or else it's nonsensical – it's not really differentiated. And so you – so that it's not unreasonable to think that that has a different component than drug trafficking. I think you know my answer, Judge. Well, I'd like to hear it. That they've waived it, that they should have argued it before. No, I'm not talking about the Arkansas statute, the concession. I'm talking about straight-up – If the Arkansas statute – She's saying why not just – why isn't LGH reasoning right? Why isn't LGH right? Not that we have to defer to LGH under Chevron or some other kind of deference that's lesser, but why isn't LGH right? Well, I can tell you why. That's what I'm wondering. You're saying – you're assuming in LGH – you're assuming in the Arkansas – you're working under the assumption the Arkansas law has a mens rea requirement, right? In that case – I don't think so. I don't want to put words in your mouth. Oh, no. Why isn't LGA right? No. Why isn't LGA – okay. Why can't illicit trafficking be a separate crime from drug trafficking, and that while drug trafficking has the mens rea, illicit trafficking doesn't have to have that because it's different than drug trafficking, and therefore the BIA is correct, just straight-up de novo? Well, I don't think LGA tried to distinguish Moncrief whatsoever. They thought that it applied to cases in which there was remuneration, and there's no remuneration in my case. The stated reason for LGA's ruling is to expand rather than limit deportation, looking back at 30-year-old drug laws. If you look at Moncrief, there are starkly different policy reasons. Number one, although some drug traffickers may escape deportation under this categorical approach, they're still going to get – they're still controlled substance violators. They still need relief. Number two, and this is all in the Supreme Court decision. Yeah, but we – non-citizens – Congress has decided non-citizens that traffic and drugs will not be allowed or ineligible, right? That's the basic policy. Non-citizens who – so the question I see that LGH presents is why doesn't illicit trafficking comprehend the reckless truck driver you described, who may not know there's a controlled substance, but in fact he is trafficking. He is getting something of value under Arkansas law. It is something of value. I think you're straying away from aggravated felony and just going to the general immigration law. Of course we deport people for illicit trafficking. But aggravated felony is defined as illicit trafficking, and the state says you're guilty of possessing enough that we can presume that you were trafficking. Why aren't those all functional equivalents? How do you determine if a crime is illicit trafficking, including a drug trafficking crime? How do you – how do you figure it out? Well, there's – that's what this case is about, the categorical approach. Doesn't it have to be some category of cases that would not necessarily be drug trafficking but would be illicit trafficking separate and apart from drug trafficking? And we have to figure out what those crimes are and whether those have a mens rea requirement. No, Judge, we don't think so. We don't think so. We don't think illicit trafficking is particularly broader. But this case – before you, Judge, I'm running out of time – can be distinguished. That statement's important. You think it's not broader, but the language is including a federal drug crime. Yes, it is. That strongly suggests that it would be surplus if it were broader. We think that when you take the category approach, looking down at both of them, it's the same. But, Judge, I must point out before we finish that my case is distinguished from LGH, because that was a conviction for sale of cocaine. They specifically said they weren't going to opine on – with intent to deliver, and they did not opine to attempt to deliver. And Mathis, of course – Mathis has a great deal in my favor that I might do on rebuttal. But even if – even if LGH is good law, the – well, again, back to LGH, Homeland Security argued that even a strict liability crime – again, assuming the Arkansas crime can be done recklessly – that it's a strict liability crime, and the Board just refused to do that. So the Board went a little further in this unpublished case. And, you know, even under the government's best arguments, it's difficult to imagine how the Board correctly found that the delivery element, a commercial transaction, was satisfied if Flores did not know what drug he possessed. And that's our position. Thank you, Your Honor. JUSTICE KENNEDY. Okay. We have some time left. Mr. Wetmore. MR. WETMORE. Good morning, Justice Kennedy. Good afternoon, and may it please the Court, David Wetmore for the Attorney General. Your Honors, I think you hit the nail on the head. This isn't about removal. It's where does the burden lie. The burden lies with the petitioner to demonstrate that he is, in fact, eligible for this form of relief for which he's applied. That means that he has the burden to demonstrate that he has, in fact, not been convicted of an illicit trafficking offense, which renders him statutorily ineligible for cancellation of removal. JUSTICE KENNEDY. Is your argument in your 28J letter a new argument that was not raised  MR. WETMORE. To an extent regarding whether the Court can find that it was a drug trafficking crime, we're simply, you know, we discovered the new law when we undertook the Mathis analysis, and we looked at the intent requirement. We do believe it is there. So to the extent that we're asking the Court to do something that wasn't there, we're withdrawing our – we did withdraw our argument that intent did not have to be demonstrated. But to the extent we're asking the Court to do something, it's de novo a review, and we would submit that it wasn't a waived issue. But MR. KENNEDY. When you say withdrawing, I understood that the 28J was trying to say the IJ's ruling was sound. MR. WETMORE. That's correct. MR. KENNEDY. And maybe we could – we're reviewing the BIA, but you'd therefore have to be saying that the IJ's opinion impacted the BIA, and we confirm. But are you simultaneously withdrawing any argument that would say that sort of the Duana remand question, which is that illicit trafficking could be met with no showing or with just reckless? The government is not pursuing that, which was a substantial part of their brief. Yes? MR. WETMORE. That's true. Well, Your Honor, I guess – MS. MOSS. Is it an alternative? MR. KENNEDY. Are they alternative? You withdraw. MR. WETMORE. It is an alternative. We're presenting an alternative argument. First and foremost, what we're presenting is that this – the Court should adopt the reasoning in LGH. This clearly was an illicit trafficking offense. There's no intent, there's no mens rea or requirement for the knowledge of the controlled substance under the analysis  MR. KENNEDY. So you're not withdrawing any argument? You're not disavowing the LGH approach? MR. WETMORE. No, we are not. We are not at all. MR. KENNEDY. You're just adding the underlying – MR. WETMORE. We're adding the underlying argument. To the extent one of our footnotes when we read it, we said, well, this could be construed as saying that the Arkansas statute does not contain a mens rea requirement. To the extent it could be – our argument could be construed that way, we're not saying that. We do believe that it does contain that. MS. MOSS. So do I have your – can I just make sure I've got it? Your first argument is that we should defer to LGH under some deference, Chevron or otherwise. The second argument is de novo, what's a subset? There's the LGH. There's A and B under LGH. One is Chevron, B is de novo. And then there's a two that says even if there is a mens rea requirement, Arkansas law has a mens rea requirement. MR. WETMORE. Yes. MS. MOSS. Is that – and that's a separate and apart alternative argument. Is that the outline of your case? MR. WETMORE. Absolutely. MS. MOSS. And then you've got sprinkled on top, they bear the burden. MR. WETMORE. And they haven't made that required showing that even if we could get to some lower form beyond knowingly and intentionally to recklessly, they haven't in any fashion demonstrated that when this plea was entered, that this was done so, only proving recklessness.  MR. WESTMORELAND. Isn't it the most straightforward argument that Arkansas does have a mens rea requirement? MR. WETMORE. I'm sorry, Your Honor? MR. WESTMORELAND. Isn't that the most straightforward argument? MR. WETMORE. Oh, absolutely it is. It is. And – MR. WESTMORELAND. Flesh that out for me. I mean, you base that on the statute that says if the criminal statute doesn't provide for mens rea, it nevertheless is there? MR. WETMORE. Yes, Your Honor. Under Arkansas, reading their statutory framework as a whole, if there is no explicit mens rea requirement, then the statute would default under 5-2-203B and force the prosecution to prove that the action was purposely, knowingly, or recklessly committed. MR. WESTMORELAND. Wow. Okay. Now, that's not in your principal brief, the cite you just gave us for the default rule that puts back in a scienter. It does make the case easier, but this is a footnote in your original brief that you're now saying is ambiguous. So, this is important for us to try to get Arkansas law right. MR. WETMORE. Yes. MR. WESTMORELAND. So, the statute that he was convicted of does not have a knowledge element like 841 does in it, explicitly, right? The statute of conviction. Or am I wrong? MR. WESTMORELAND. The statute of conviction does not have an explicit element. MR. WESTMORELAND. Okay. And the jury instructions, contrasting to simple possession, don't have it. But your argument is that case law establishes conclusively? MR. WESTMORELAND. Yes. MR. WESTMORELAND. Okay. And that makes the case much easier. I think your opposing counsel will disagree, and it's very, very skirtingly briefed at the moment for us. MR. WESTMORELAND. It is. And when we undertook that Mathis analysis, we really don't need to get into the scienter question with regard to the matter of LGH. It simply isn't present to be an illicit trafficking offense. The only thing that the government must demonstrate for a removal charge, or conversely, that a petitioner trying to prove eligibility for relief must demonstrate when they bear the burden, as they do here. MR. SORENSEN. LGH convinces me, but only so far. LGH convinces me that the including language means that the federal drug analog, the Third Circuit case, you cite Garebier, which says you've got two tracks you can go. The hypothetical federal felony, well, this, you're saying maybe it meets that end of story. But LGH says, no, it doesn't meet that, and therefore, illicit trafficking has to mean something more. I agree with all that logic, but how do we know that something more is strict liability offenses? No court's ever said that. MR. WESTMORELAND. Well, LGH was a slightly different statute. Under the Florida statute that was at issue in matter of LGH, there was no scienter requirement whatsoever, an affirmative scienter requirement that the prosecution must prove. Here there is. We have that default statute. The prosecution must prove that. The Florida statute had a rebuttable presumption, and if then the defendant brought that up, and they would bear the burden of proving that, which we simply don't have under the Arkansas law. Arkansas law has a scienter requirement. It's found at 5-2-203B, and... MR. SORENSEN. How do the jury instructions, that's what I've always relied on. The jury instructions don't say that. How do you work around the jury instructions? MR. WESTMORELAND. Yeah, the jury instructions, when we went back and took a look at that, it's a bit confusing, I admit. MS. CODY. Are the jury instructions legally accepted by the Supreme Court of Arkansas, or is it a committee that puts together and does the best it can, or is it some sort of, does it have the imprimatur of law in Arkansas? I know how they work in different states varies. I used to be on the jury instructions committee in Texas. MR. WESTMORELAND. Yeah, it's, I believe it's put together by a committee, but, you know, under Mathis, we really have simply that, you know, the few forms that we can look at, and really just looking at that in terms of determining whether something is divisible, or whether it's categorically fits the crime, or if it's divisible. That was the analysis that really got us into the jury instructions. MR. SORENSEN. You know, Arkansas, what amount allows for a presumption of intent to traffic? MR. WESTMORELAND. Over one ounce of marijuana is a rebuttable... MR. SORENSEN. Now, he had 10 pounds. MR. WESTMORELAND. He had 10 pounds. MR. SORENSEN. But the position you're arguing, the rule of law you're arguing is that if a person's caught with one ounce, or more, or more, but just assume one ounce, they're going to be ineligible for relief from removal, even if the government wasn't able to show that they knew the ounce was there. MR. WESTMORELAND. They would be eligible only under illicit trafficking, yes. They do have the opportunity. It's not a strict liability system where they could attempt. He didn't here. He pled guilty. He elected not to rebut that presumption, and he went forward in that way. He had the opportunity to do it. He could have gone to trial. He could have proved it. There's an affirmative defense for lawful possession of whatever the substance happens to be. I think you'd have a tough time with 10 pounds of marijuana under that, but he does have the opportunity to plead specifically to conceivably, recklessly possessing that if he had no idea what it was. He didn't. He simply pled guilty under the statute as a whole, and therefore, based on those conviction documents, which we must look to under Shepard, those are the documents that demonstrate, you know, that's his burden to show that those documents demonstrate that he is, in fact, eligible. MR. SORENSEN. Have you got any Arkansas cases that apply to that fallback statute in this context? MR. GARRETT. We cited some, actually, in our 20-J letter, Your Honor. I've got some others that talk about it. There's, if you'd like to, shall I give you some? MR. SORENSEN. Are these possession with intent to deliver cases? MR. GARRETT. Yes. Yes, they are. We can look at Edwards v. State, 377 Southwest, 3rd, 271, from 2010, and it talks about, in the context of a possession case, that there is the mens rea requirement. It does cite to the default provision because no mens rea is specified. MR. SORENSEN. Now, we can't look under our Byzantine system that the fact that there's 10 pounds means that anybody knows this, because we have to apply it on the one ounce, don't we? MR. GARRETT. Yes. Under the statutory framework, although under Arkansas law, when we do look at the jury instructions, the amount has to be found by, it says right here, by reasonable doubt, not only the substance, but also the amount. And then, with regard to trying to rebut that presumption, the jury is allowed to look at the amount that was given, which I believe is your question. MR. SORENSEN. But we're not allowed to look at it? MR. GARRETT. We can't really ask the question. We can just look at, here's the charge, that has to be found, and he pled guilty to it. MR. SORENSEN. Has any court adopted LGH? It's been out for, what, two years? LGM? What is it, LGH? MR. GARRETT. LGH, yes, Your Honor. MR. SORENSEN. Has any court adopted its broader note? MR. GARRETT. You know, I believe... MR. SORENSEN. The 11th Circuit remanded for that with that sort of guess, but it doesn't seem like any court's... MR. GARRETT. Not that we've been able to locate. I believe this court has really the first crack at it. MR. SORENSEN. Did the 9th Circuit not distinguish, I mean, would not go that way for sure, or we don't know that? MR. GARRETT. Don't know that, Your Honor. MR. SORENSEN. I thought there was something that would indicate that they would not follow that. MR. GARRETT. There was a case out there, I believe it's still in the briefing process, in the 9th Circuit. We looked at some of those briefs, but it does not believe, we don't believe that any other court has taken a position on the validity of the LGH analysis, which is one reason why we raised that, you know, we hoped by now somebody else would. We could point to that in a 28-J. Nobody has, and that's why we also wanted to make this court aware that, you know, even if you were to look at LGH and say that the illicit trafficking, no mens rea for the knowledge of the substance wouldn't be good law, here in the context of petitioner's burden, we can clearly see that there is this scienter requirement. It's a much stronger statute than that that was at issue in the Florida case, LGH, and also go forward on that basis. MR. SORENSEN. Okay. Thank you very much. MR. GARRETT. Thank you, Your Honor. MR. SORENSEN. Okay. Mr. Brans, back to you. MR. BRANS. I'd first like to come back to the mens rea requirement of the Florida statute. I handled this deportation case. It was in Pearsall, and my client was in custody for two years. The judge and I, the government really wasn't much involved, but the judge and I briefed three separate times the mens rea requirement of the Florida statute, looking at the cases, looking for the case you're asking me to cite right now. The judge decided as he did. MR. SORENSEN. Not Florida. You mean Arkansas. MR. BRANS. Arkansas is what I mean. Arkansas is what I mean, of course. The judge decided as he did. We addressed the mens rea requirement extensively in our brief to the board. That's where we used them before the BIA. MR. SORENSEN. You have an answer. Judge Elrod asked your opposing counsel. In Arkansas, are the model jury instructions binding? MR. BRANS. Yes, they are. They're Supreme Court. Yes, they're formulated by the Supreme Court, and they have the force of law, I believe, Judge. MR. SORENSEN. What do you do with Edwards? MR. BRANS. Judge, you know, after the BIA decided as it did, we had no recourse for this court to argue about broader illegal trafficking and mens rea there. So I would actually, if you want that, have to come back on a remand and go back to where I was back then and start looking for those Supreme Court cases. MR. SORENSEN. I'm asking you, though, how do you distinguish this? They cited this case in their 28th judgment. MR. BRANS. Edwards? MR. SORENSEN. Yes, and so you've had a chance to read it now. MR. BRANS. I haven't, Judge. I haven't, Judge. I'll be honest with you. I haven't. MR. SORENSEN. Okay. MR. BRANS. Or could you tell me what Edwards say that I should? MRS. MOSS. Well, they say that it says that it's unlawful for any person to manufacture, deliver, or possess or deliver a controlled substance, and specifies that as a statute delivering an offense does not provide a culpable mental state, it's nonetheless required. MR. SORENSEN. What is required? MRS. MOSS. That's what they say. The culpable mental state is boosted in in the manner that was discussed by opposing counsel. MR. SORENSEN. As I remember— MRS. MOSS. I'm asking, does that case hold that or not? MR. SORENSEN. As I remember, that's only constructive possession, Judge. MR. BRANS. Yeah, that would be— MR. SORENSEN. But I'm not sure. I'm not sure. And one thing's for sure, that when it got to the BIA, they said, okay. They said, okay, it doesn't have—it can be done recklessly. So we stopped briefing at that point. Sorry. MS. MOSS. But we get to look at the law. We could even on our own go look up Arkansas law, and if he had never, ever mentioned it, you know, I could have a smart law clerk who could help me research. I want to know what Arkansas law says, and the law is the law. MR. SORENSEN. I recognize that, Judge, and that's why an additional brief might be appropriate. Additional brief on that issue might be appropriate. Judge, to get—I just have two minutes to get to your question of what's wrong—your question, Judge, I think, what's wrong with LGH? And when you've got the separate illicit trafficking, you don't need mens rea for it to be an aggravated felony. Well, what's wrong with it is that's not what the Supreme Court has said over and over and over again. They're not just saying it about drug trafficking crime. They're saying it about the definition—illegal trafficking, including a drug trafficking crime. For example, LGH cites— JUDGE LEBEN. But simple possession requires knowledge, right? Simple possession. MR. SORENSEN. I think so, Judge. I think that's not appropriate. JUDGE LEBEN. What's wrong with my brain— MR. SORENSEN. Yes, I do believe it is. I do believe it is. JUDGE LEBEN. So what's wrong with my brain thinking possession with intent has to subsume the simple possession, which under Arkansas law requires knowledge? MR. SORENSEN. The separate crime, I think they took the knowledge out looking not at the possession word, but looking at the delivery word. And, in fact, there's things in But, again, the— JUDGE LEBEN. Well, illicit trafficking isn't defined, but Congress, I suppose, could define it as somebody who recklessly—they could define it that way. MR. SORENSEN. They could. They could. And then I'd be out of luck, wouldn't I, Judge? When the Eleventh Circuit remanded, they remanded. And this was cited in LGH, word for word. If the BIK considers on remand whether Mr. DeWana's conviction constituted illicit trafficking, not drug trafficking crime, illicit trafficking, as a matter of law, it should apply the categorical approach described above, assuming the least culpable conduct under the statute and asking whether it would necessarily be considered an illicit trafficking offense punishable as a felony by the Controlled Substance Act. And we believe that's the state of the law. JUDGE LEBEN. Okay. MR. SORENSEN. Thank you, Your Honor. JUSTICE KENNEDY. Grant, we're going to give you 10 days to file a supplemental brief responding to the 28J letter, and we'll give the government 10 days after that to file a reply. MR. SORENSEN. Thank you so much, Your Honor. JUSTICE KENNEDY. Okay. Thank you, gentlemen. We have your case.